**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ADAM SCOTT PEPPERS**                                                                       **PLAINTIFF**
**ADC # 115580**

**VS.**                          **CASE NO. 5:08CV00314-JMM-BD**

**LARRY NORRIS, et al.**                                                                 **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Court Judge James M. Moody.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date you receive the Partial Recommended Disposition.  A

copy will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.     **Background**:

On November 28, 2008, Plaintiff, an inmate currently housed at the Varner Unit of

the Arkansas Department of Correction ("ADC"), brought this action pro se under 42

U.S.C. § 1983 (docket entry #1).  In his Complaint, Plaintiff alleges that on June 22,

2004, he was injured while working on a construction project at the Varner Unit.  Plaintiff

claims that he sustained injuries to his foot as a result of the incident.  Plaintiff names as

Defendants various ADC staff members, including Director Larry Norris and Deputy

Director of Health Services Wendy Kelley,[1] as well as several doctors and nurses.

Plaintiff claims that the ADC officials are liable for the injuries that he sustained and that

the medical staff acted with deliberate indifference to his medical needs.  He seeks

compensatory and punitive damages against Defendants in both their individual and

official capacities.

Defendants Norris, Langhammer, and Kelley (the "ADC Defendants") have filed a

Motion for Summary Judgment (#20).  In the Motion, the ADC Defendants argue that

they are entitled to judgment as a matter of law because: (1) Plaintiff's claims are time-

barred; (2) Plaintiff's official capacity claims for money damages are barred by sovereign

immunity; (3) Plaintiff's claims are barred by res judicata; (4) Plaintiff's claims sound in

negligence, which is not a permissible theory of recovery for § 1983 claims; and

---

[1]   Plaintiff lists this Defendant as Defendant Windy Kelly.  However, in the
Motion for Summary Judgment, Defendants identify this individual as Defendant Wendy
Kelley.  Accordingly, the Court will refer to this Defendant as Defendant Kelley.

(5) Plaintiff's claims against Defendants Norris and Kelley fail because they are based upon a respondeat superior theory of recovery. Plaintiff has responded to the ADC's Motion (#23). The ADC Defendants' Motion (#20) should be GRANTED.

III.   **Discussion**:

    A.   *Summary Judgment Standard*

    Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must

contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

  B. *Statute of Limitations*

  The ADC Defendants argue that Plaintiff's case against them is time-barred.  The applicable state law tort statute of limitations governs § 1983 claims.  See *Board of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790 (1980).  Consequently, Plaintiff's claims against the ADC Defendants are subject to Arkansas's three-year statute of limitations.  *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991).

  Here, the incident giving rise to this lawsuit occurred on June 22, 2004.  Plaintiff filed this action on November 28, 2008, more than three years after the incident. Although Plaintiff continues to grieve his concerns regarding the follow-up care that he has received for his injuries and alleges both negligence and medical malpractice by "CMS and its agents," those grievances do not reference the ADC Defendants (#1 at p.42 and p.44).[2]  Plaintiff's allegations against the ADC Defendants fall outside the relevant statute of limitations.[3]  Further, although Defendant Kelley responded to at least one of

---

[2] The Court notes that in Grievance VU-05-00304, Plaintiff specifically complains that he was not x-rayed (#1 at p.32).  However, Plaintiff later provided a grievance waiver stating that this issue had been resolved and that he no longer wanted to pursue that matter (#1 at p.35)

[3] In his Complaint, Plaintiff claims that he "filed many requests for relief, and eventually fil[ed] grievances to address theses issues that were otherwise being ignored by the medical and ADC staff."  However, Plaintiff fails to include any grievances regarding Defendants Norris, Langhammer, or Kelley filed within the previous three years.

Plaintiff's grievances, such conduct is insufficient to establish liability under § 1983 (#1

at p.56).  The United States Court of Appeals for the Eighth Circuit has held that a prison

official's denial of grievances was insufficient to impose liability under § 1983.  See

*Rowe v. Norris*, 198 Fed. Appx. 579, *1 (8th Cir. 2006) (unpublished) (per curiam).   In

addition, in *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997), the Court explained that

the claims of medical indifference should be filed against those individuals directly

responsible for the inmate's medical care.  Accordingly, the Court finds that the ADC

Defendants are entitled to summary judgment because Plaintiff's claims are time-barred.[4]

    C.    *Sovereign Immunity*

Plaintiff's official capacity claims against the ADC Defendants also are barred

because a person sued in his or her official capacity is not a "person" for purposes of 42

U.S.C. § 1983.  The law is well established that a civil litigant cannot obtain monetary

damages on a claim brought against state actors in their official capacities.  *Will v.

Michigan Dep't of State Police*, 491 U.S. 58 (1989).  Accordingly, Plaintiff's claims

against the ADC Defendants for monetary damages in their official capacities fail as a

matter of law.

---

[4] In his Response to the Motion for Summary Judgment, Plaintiff states that his claims are not time-barred and asserts the equitable defenses of laches and estoppel. However, Plaintiff fails to include any factual allegations to support such defenses.

D.   *Res Judicata*

The ADC Defendants also claim that they are entitled to judgment as a matter of law because Plaintiff previously litigated his claim with the Arkansas State Claims Commission ("the Commission").  In his Complaint and his Response to the ADC Defendants' Motion for Summary Judgment, Plaintiff admits that he brought a claim before the Commission.  Plaintiff argues, however, that those claims were "not claims of violation of the United States Constitution, and[,] therefore, are not barred by the doctrines of res judicata and collateral estoppel" (#23).

The Eighth Circuit has held that when an administrative agency acts in a judicial capacity to resolve disputed issues of fact properly before it, which the parties have had an opportunity to litigate, the principles of res judicata apply to bar further claims by the parties or their privies based on the same cause of action.  *Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983); *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981).  A claim is precluded under res judicata principles if: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.  *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997).  A preclusion analysis generally turns on whether the claims arise out of the "same nucleus of operative facts."  *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)).

The Plaintiff's claim before the Commission was a negligence claim against the ADC, based on the same facts as those alleged in his current Complaint.  In his Commission complaint, Plaintiff alleged that:

> On 6-22-04, the Claimant reported to work detail at the Varner Fence Project at the Varner Unit of the ADC.  He was informed by R. Langhammer, Construction Supervisor and CO II  D. Collins to take material and load it onto a trailer . . . [and] was given orders to "trip" override the safety mechanism.  While performing this task, the Claimant's right foot was trapped in the Bobcat and crushed causing multiple compound fractures and nerve damage.  The ADC was negligent in failing to supervise the Claimant and in instructing the Claimant to engage in dangerous activity . . . and in failing to provide training in the safe operation of the Bobcat which proximately caused the injuries suffered by the Claimant (#1 at p.37).

On February 6, 2007, after a hearing at which Plaintiff was represented by counsel, the Commission ruled in Plaintiff's favor (#1 at p.52).  The Commission unanimously awarded Plaintiff $10,000.00 for his 'pain and suffering'" (#1 at p.52).  The ADC appealed the Commission's decision and Plaintiff cross-appealed (#20-2).  On January 23, 2008, the Arkansas General Assembly's Legislative Council reviewed and affirmed the Commission's $10,000.00 monetary award (#20-3).

Plaintiff's case before the Commission was based on proper jurisdiction and resulted in a final judgment on the merits between the same parties or privies as in the case before this Court.  Plaintiff's claim in the Commission case was a negligence claim, and Plaintiff's claim here is an Eighth Amendment claim.  Unfortunately for the Plaintiff, his Eighth Amendment claim in this lawsuit imposes on him a higher burden of proof than did his negligence claim in his case before the Commission. *Walker v. Reed*, 104

7

F.3d 156, 157 (8th Cir. 1997) ("simple negligence" on the part of a prison officials is not

a violation of a state prisoner's Eighth Amendment rights against cruel and unusual

punishment).  Plaintiff is trying to re-litigate the same claim in this lawsuit that he

successfully raised before the Commission.  Accordingly, the Court recommends that the

District Court grant the ADC Defendants' Motion for Summary Judgment because

Plaintiff's claim is precluded by his prior case before the Commission. *Williams v.*

*Campbell*, 163 F.3d 404, 1998 WL 514547 at *2 (8th Cir. 1998) (dismissing prisoner's

§ 1983 claim for prison officials' failure to properly train and supervise as precluded by

plaintiff's successful negligence case before the Arkansas State Claims Commission).

    E.    *Negligence*

       The ADC Defendants also argue that Plaintiff's claims are precluded against them

because they sound in negligence.  The Court agrees.  Here, Plaintiff attempts to hold the

ADC Defendants liable based upon their failure to prevent the accident that resulted in

Plaintiff's injuries.  Such a claim can best be characterized as a negligence claim.

However, "[m]ere negligence [is] insufficient to rise to a constitutional violation."

*Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Even grossly negligent

conduct does not state a claim under 42 U.S.C. §1983.  See *Roach v. City of*

*Fredericktown, Mo.*, 882 F.2d 294, 297 (8th Cir. 1989)(internal quotations omitted).

Accordingly, Plaintiff's claims against the ADC Defendants fail as a matter of law.

F.      *Respondeat Superior*

Finally, the ADC Defendants contend that Plaintiff's claims against Defendants Norris and Kelley fail because he is attempting to hold them liable under a respondeat superior theory of recovery.  The Court, again, agrees.

In his Complaint, Plaintiff simply alleges that Defendants Norris and Kelley "had authority over Plaintiff."  Plaintiff does not mention these Defendants when describing the events that gave rise to this lawsuit; nor does Plaintiff attribute any unconstitutional conduct to either of these Defendants.  Accordingly, Plaintiff is attempting to hold these Defendants liable based upon their positions as supervisors within the ADC.  However, such claims are predicated on a theory of respondeat superior, a theory which does not apply to claims brought under 42 U.S.C. § 1983.  *Marchant v. City of Little Rock*, 741 F.2d 201, 204-05 (8th Cir. 1984).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  An individual cannot be held liable solely on the action or inactions of his subordinate.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff's Complaint fails to include any references to any specific acts or omissions by Defendants Norris and Kelley.   In addition, Plaintiff does not reference these Defendants in the grievances he attaches to his Complaint.  Accordingly, Defendants Norris and Kelley also are entitled to judgment as a matter of law on this basis.

IV.   **Conclusion:**

The Court recommends that the ADC Defendants' Motion for Summary Judgment (#20) be GRANTED and that Plaintiff's claims against these Defendants be DISMISSED WITH PREJUDICE.

DATED this 12th day of March, 2009.

_____

UNITED STATES MAGISTRATE JUDGE